SLIP OPINION



Cite as 2014 Ark. App. 358

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-1034

| | |
|---|---|
| ERIK HEIGELMANN<br>APPELLANT | **Opinion Delivered** June 4, 2014 |
| V. | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-07-352] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE KIRK JOHNSON, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## DAVID M. GLOVER, Judge

On July 31, 2007, Erik Heigelmann pled guilty to the underlying offense of theft of property and was placed on probation for a period of three years. He was also ordered to pay fines, costs, and restitution totaling $2,357 at the rate of $150 a month. By order entered September 22, 2008, the term of his probation was extended for twenty-four months and additional costs were assessed (based upon him pleading true to a December 6, 2007 petition to revoke for failure to follow the terms and conditions of his probation).

On September 1, 2009, a second petition to revoke was filed by the State, alleging that Heigelmann had failed to report to his probation officer, failed to pay the supervision fees, and failed to pay the court-ordered financial obligations. On August 15, 2013, following a hearing, the trial court granted the State's petition to revoke Heigelmann's probation, and this appeal followed.

Heigelmann's counsel has filed a no-merit brief and motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4–3(k)(1) (2013), and *Anders v. California*, 386 U.S. 738 (1967). Heigelmann was given an opportunity to file pro se points but has not done so. In filing a no-merit brief pursuant to Rule 4–3(k) and *Anders*, counsel must address all adverse rulings and explain why none of them provides a meritorious ground for reversal.

Counsel has noted the following adverse rulings: the denial of Heigelmann's motion for continuance on the day of the revocation hearing; the overruling of Heigelmann's objection to testimony concerning his incarceration; the overruling of Heigelmann's objection to a rebuttal witness concerning the investigation that led to his arrest for aggravated robbery; the denial of Heigelmann's motion to dismiss; and the granting of the State's petition to revoke his probation. In addressing these adverse rulings, counsel has adequately explained why none of them provides a meritorious ground for reversal.

Our review of the record and brief confirms that counsel has complied with Rule 4–3(k) and that an appeal in this case would be wholly without merit. We therefore affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GRUBER and WHITEAKER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

No response.